IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>WEST FISHER,<br><br>    Defendant. | **MEMORANDUM DECISION AND ORDER OVERRULING OBJECTION TO JURY INSTRUCTIONS**<br><br>Case No. 4:18-cr-00081-DN<br><br>District Judge David Nuffer |

Defendant West Fisher objects[1] to the following language in Instruction No. 16 regarding the definition of "reasonable doubt":

> If . . . you think there is a *real possibility* that [the defendant] is not guilty, you must give him the benefit of the doubt and find him not guilty.[2]

Like the defendant in *United States v. Conway*,[3] Fisher argues that this language understates the degree of certainty that a jury must reach in order to find a defendant guilty and subtly shifts the burden of proof to the defense.[4] Not only is this language copied verbatim from the Tenth Circuit's model jury instructions,[5] but the Tenth Circuit in *Conway* expressly held that this language "is a correct and comprehensible statement of the reasonable doubt standard" and "reject[ed] . . . the contention that the phrase 'real possibility' . . . impermissibly shifts the burden

---

[1] Objection to Jury Instructions ("Objection"), docket no. 60, filed February 12, 2019.

[2] Instruction No. 16 (emphasis added).

[3] 73 F.3d 975 (10th Cir. 1995).

[4] *See id.* at 981.

[5] Criminal Pattern Jury Instructions § 1.05, at 9 (2011 ed.).

of proof."[6] The Tenth Circuit has reiterated this holding in several other cases.[7] It is remarkable, therefore, that, among the many authorities cited in and attached to Fisher's objection, he did not reference any of these controlling cases.[8] Consistent with these cases, his objection will be overruled on this basis.

Fisher further objects to this instruction because it "does not instruct that the burden of proof is on the government to prove beyond reasonable doubt each and every element of the crime."[9] This is immaterial, as other jury instructions contain this direction.[10] Accordingly, Fisher's objection will be overruled on this basis also.

## ORDER

THEREFORE, IT IS HEREBY ORDERED that Fisher's objection[11] to Instruction No. 16 is OVERRULED.

Signed February 15, 2019.

BY THE COURT:

David Nuffer
United States District Judge

---

[6] *Conway*, 73 F.3d at 980.

[7] *See, e.g.*, *United States v. Jefferson*, 911 F.3d 1290 (10th Cir. 2018) (holding that the trial court "*correctly* instructed the jury '[i]f . . . you think there is a real possibility that [defendant] is not guilty, you must give him the benefit of the doubt and find him not guilty'"); *United States v. Petty*, 856 F.3d 1306, 1310 (10th Cir. 2017); *United States v. Barrera-Gonzales*, 952 F.2d 1269, 1273 (10th Cir. 1992) ("[W]e reject appellant's argument that the trial court's language 'real possibility that he is guilty' shifted the burden to the defendant."); *see also Victor v. Nebraska*, 511 U.S. 1, 26-27 (1994) (Ginsburg, J., concurring) (stating that this instruction is a "clear, straightforward, and accurate" explication of reasonable doubt and "surpasses others I have seen in stating the reasonable doubt standard succinctly and comprehensibly").

[8] *See* UTAH R. PROF. CONDUCT 3.3(a)(2).

[9] Objection, *supra* note 1, at 2.

[10] *See, e.g.*, Instruction No. 4, at 1-2 ("To find the defendant guilty of this crime you must be convinced that the prosecution has proved each of the following [elements] beyond a reasonable doubt . . . ."); Instruction No. 32 (same); Instruction No. 33 (same).

[11] Objection, *supra* note 1.